No. 10–0649/AF. U.S. v. Dean E. Thompson. CCA 37380. Review granted on the following issue:

> WHETHER APPELLANT RECEIVED POST-TRIAL INEFFECTIVE ASSISTANCE OF COUNSEL AND APPELLANT HAS MADE A COLORABLE SHOWING OF POSSIBLE PREJUDICE.

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to an appropriate convening authority to order a hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967), to make findings of fact and conclusions of law related to the granted issue. At the conclusion of the *DuBay* hearing, the record will be transmitted to the Court of Criminal Appeals for further review under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2006). Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0009/MC. U.S. v. Brandon M. Magnan. CCA 201000414. Review granted on the following issue:

> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ-PONCE* AND *RUSSELL v. UNITED STATES,* AND THIS COURT'S OPINION IN *UNITED STATES v. FOSLER,* 70 M.J. 225 (C.A.A.F. 2011).

The decision of the United States Navy-Marine Corps Court of Criminal Appeals as to Charge V and Specification 3 thereunder, and the sentence is reversed, but is affirmed in all other respects. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for consideration of the granted issue in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).* [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

BAKER, Chief Judge (dissenting): I dissent for the reasons stated in my dissenting opinion in *Fosler*. *United States v. Fosler*, 70 M.J. 225, 240-47 (C.A.A.F. 2011). However, I join the Court's statement regarding the convening authority's action.

No. 12–0028/AR. U.S. v. Carlos A. Riverarosado. CCA 20090924. Review granted on the following issue:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE FOUND APPELLANT GUILTY OF SPECIFICATION 1 OF CHARGE I BASED ON HIS BELIEF THAT APPELLANT HAD COMMITTED THE SIMILAR OFFENSES ALLEGED IN SPECIFICATIONS 2 AND 3.

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry and consideration on the granted issue. The Court of Criminal Appeals will obtain affidavits related to the assigned issue from the military judge and other appropriate persons who attended the Bridging the Gap session after trial. The affidavits should be limited to determining what statements were made by the military judge in the session. *See United States v. Matthews*, 68 M.J. 29 (C.A.A.F. 2009). If the court, after reviewing the affidavits, determines that a fact-finding hearing is necessary, *see United States v. Ginn*, 47 M.J. 238 (C.A.A.F. 1997), that court shall order a hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967). Once the necessary information is obtained, the court will conduct its Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2006), review. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0070/AF. U.S. v. Erica N. Perry. CCA 37676. On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, we note that before the convening authority took action after remand, Appellant did not have the opportunity to submit matters under Rule for Courts-Martial (R.C.M.) 1105 and no staff judge advocate's recommendation was prepared under R.C.M. 1106. Accordingly, it is ordered that said petition is hereby granted on the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY AFFIRMING APPELLANT'S SENTENCE DESPITE THE

---

* We note that the convening authority approved the sentence, which included a dishonorable discharge, and then stated, In accordance with the UCMJ, Rules of Courts-Martial, applicable regulations, the pretrial agreement, and this action, the sentence is ordered executed. In fact, there was no pretrial agreement in this case. Moreover, under Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until, after the completion of direct appellate review, there is a final judgment as to the legality of the proceedings. Thus, to the extent that the convening authority's action purported to execute the dishonorable discharge, it was a nullity. To avoid any error in this regard, we again suggest that the model Forms for Action in *Manual for Courts-Martial, United States* app. 16 at A16-1—A16-6 (2008 ed.) be revised. *See United States v. Politte*, 63 M.J. 24, 26 n.11 (C.A.A.F. 2006).