

Misc. No. 12–8006/AR.  Terrance A. Norman, Appellant v. United States, Appellee. CCA 20110521.  Notice is hereby given that a pro se writ–appeal petition for review of the decision of the United States Army Court of Criminal Appeals on application for extraordinary relief was filed by mail under Rule 27(b) on October 25, 2011, and placed on the docket November 18, 2011.  On consideration thereof, it is ordered that said writ–appeal is hereby denied.

Tuesday, November 22, 2011

No. 11–0361/AR.  U.S. v. Mark C. Chartier.  CCA 20100312.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is granted on the following issue:

WHETHER SPECIFICATION 2 OF CHARGE IV FAILS TO STATE AN OFFENSE AS IT DOES NOT ALLEGE, EXPRESSLY OR BY NECESSARY IMPLICATION, THE "TERMINAL ELEMENT" AS REQUIRED BY UNITED STATES v. FOSLER, 70 M.J. 225 (C.A.A.F. 2011).

The decision of the United States Army Court of Criminal Appeals is vacated. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for consideration of the granted issue in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

BAKER, Chief Judge (dissenting): I dissent for the reasons stated in my dissenting opinion in *Fosler*. *United States v. Fosler*, 70 M.J. 225, 240–47 (C.A.A.F. 2011).

No. 12–0124/NA. U.S. v. Kelvin J.C. Rodeo. CCA 201000590. On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, we note that the convening authority approved the sentence, which included a dishonorable discharge, and then stated:

> In accordance with the Uniform Code of Military Justice, the Manual for Courts–Martial, applicable regulations, and this action, the sentence is ordered executed.

Under Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until, after the completion of direct appellate review, there is a final judgment as to the legality of the proceedings. Thus, to the extent that the convening authority's action purported to execute the dishonorable discharge, it was a nullity. To avoid any error in this regard, we again suggest that the model Forms for Action in *Manual for Courts–Martial*, United States app. 16 at A16–1—A16–6 (2008 ed.) be revised. *See United States v. Politte*, 63 M.J. 24, 26 n.11 (C.A.A.F. 2006). Accordingly, it is ordered that said petition is granted, and the decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

No. 11–0361/AR. U.S. v. Mark C. Chartier. CCA 20100312. [See also APPEALS–SUMMARY DISPOSITIONS this date.]

No. 12–0124/NA. U.S. v. Kelvin J.C. Rodeo. CCA 201000590. [See also APPEALS–SUMMARY DISPOSITIONS this date.]

