# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BOBBY D. JAMES**
**United States Army, Appellant**

ARMY 20081163

Headquarters, Fort Lewis
John M. Head, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Peter Kageleiry, Jr., JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Major Ellen S. Jennings, JA; Major Kirsten M. Dowdy, JA (on brief).

8 January 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of larceny and one specification of wearing unauthorized insignia, in violation of Articles 121 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, a $10,000.00 fine, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

On 29 July 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. *United States v. James*, ARMY 20081163 (Army Ct. Crim. App. 29 July 2011).  On 7 December 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), because no terminal element for the specification charged

under Article 134, UCMJ, was expressly alleged.  *United States v. James*, 71 M.J. 3 (C.A.A.F. 2011).

On 9 May 2012, we again issued a decision in this case, affirming the findings of guilty and the sentence.  *United States v. James*, ARMY 20081163 (Army Ct. Crim. App. 9 May 2012).  On 12 October 2012, our superior court reversed the portion of our decision as to the Specification of Charge II, and as to the sentence, and affirmed our decision as to the remaining charge and its specifications.  *United States v. James*, __ M.J. ___ (C.A.A.F. 2012).  The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further reconsideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).  *Id*.  Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

In the Specification of Charge II, appellant was charged with wearing unauthorized insignia in violation of Article 134, UCMJ.  *See Manual for Courts-Martial*, *United States* (2008 ed.), pt. IV, ¶ 113.b.  This specification fails to allege the terminal elements of prejudice to good order and discipline or service-discrediting conduct.  Pursuant to *Fosler* and *Humphries*, it was error to omit the terminal elements from this specification, and in this case, we conclude that appellant was materially prejudiced as a result.  UCMJ art. 59(a); *Humphries*, 71 M.J. at 215.  There is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element and the evidence was controverted as to at least one clause of Article 134, UCMJ.  *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997)).  Accordingly, we must disapprove the findings of guilty as to the Article 134, UCMJ, offense previously affirmed.

However, we are confident "that, absent any error, the sentence adjudged would have been of at least a certain severity."  *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).  In this case, the penalty landscape is minimally changed, as appellant remains convicted of the most serious offenses—involving the theft of more than $130,000.00—and would face a maximum sentence to confinement of fifteen years for the remaining offenses.  Therefore, in light of the remaining charges and their serious nature, we are confident the court would have adjudged a sentence of at least a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, a $10,000.00 fine, and reduction to the grade E-1.

JAMES—ARMY 20081163

## CONCLUSION

On consideration of the entire record, and in light of *Humphries*, the finding of guilty of the Specification of Charge II, and Charge II, are set aside and that charge and specification are dismissed without prejudice. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3