Chief Judge GIERKE
delivered the opinion of the Court.
We again examine an ambiguous convening authority action and its impact on sentencing. Here, the convening authority’s action is open to two distinct interpretations, both of which have ample support in law and fact. In light of this ambiguous convening authority action, a new action is required.
I. BACKGROUND
Pursuant to Appellant’s guilty pleas, a military judge sitting as a special court-martial convicted Appellant of making a false statement, introducing cocaine onto a military installation, wrongfully using cocaine, *25 and soliciting another to use cocaine.[1] convening authority entered into a pretrial agreement allowing him to approve a punitive discharge, while placing limits on other forms of punishment. Appellant entered guilty pleas to five of the twenty specifications alleged, as required by the pretrial agreement. The military judge sentenced Appellant to a reduction to E-l and a bad-conduct discharge. The
Post-trial, trial defense counsel submitted clemency matters to the convening authority requesting suspension of the bad-conduct discharge for a period of one year from the date of the convening authority’s action. Defense counsel asserted that the punitive discharge would have an adverse impact on Appellant, his wife, and his family.
Responding to this clemency plea, the staff judge advocate recommended against any clemency for Appellant, and proposed an action by the convening authority that included the following: “[T]hat the sentence as adjudged be approved and executed, except for that portion extending to a Bad Conduct Discharge, which cannot be executed until the completion of appellate review.”
Apparently in response to this recommendation, the convening authority took the following action:
In the case of Hospital Corpsman Second Class Michael J. Politte, U.S. Navy, ... the sentence is approved except for that part of the sentence extending to a bad conduct discharge.
Prior to taking this action the Convening Authority did consider the results of trial, the recommendation of the staff judge advocate, and the 17 June 2004 clemency letter submitted by defense counsel on behalf of the accused.
The record of trial is forwarded to the Navy-Marine Corps Appellate Review Activity, 716 Sicard Street SE Suite 1000, Washington Navy Yard, Washington, DC 20384-5047, pursuant to JAGMAN 0153b(l), for review under Article 66, UCMJ.
Emphasis added.
Without specific assignment of error, Appellant submitted his case to the lower court for review. The lower court upheld the findings and sentence as approved by the convening authority.[2]
Appellant filed a petition for review before this Court requesting consideration of the case on its merits. This Court specified the following issue:
WHETHER THE UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS HAD JURISDICTION TO ACT ON THE FINDINGS AND SENTENCE UNDER ARTICLE 66(b)(1), UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 866(b)(1), IN LIGHT OF THE CONVENING AUTHORITY’S ACTION THAT DOES NOT APPEAR TO HAVE APPROVED A BAD-CONDUCT DISCHARGE.
II. DISCUSSION
The specified issue is rooted in the fundamental rule that a Court of Criminal Appeals can only review cases within its statutory jurisdiction. Under Article 66, UCMJ, 10 U.S.C. § 866 (2000), the Courts of Criminal Appeals may hear a case on the merits where: (1) a Judge Advocate General refers courts-martial records to the court; (2) a convening authority has approved the findings and sentence; and (3) the sentence as approved extends to death, a dismissal, a punitive discharge or confinement for one year or more. Regarding post-trial matters, Courts of Criminal Appeals also have jurisdiction to refrain from addressing the merits of a case, and instead return an action to the convening authority if further clarification of the meaning of the action is necessary.[3] We conclude the convening authority’s action in *26 this case was ambiguous. Therefore, we hold the lower court erred by failing to identify this ambiguity and return the action to the convening authority for clarification.
Because of the importance of the convening authority’s action in the court-martial process, we have required a clear and unambiguous convening authority action.[4] In United States v. Scott, when presented with an ambiguous convening authority action involving a bad-conduct discharge, this Court applied Rule for Courts-Martial (R.C.M.) 1107(g), and returned the record to the Judge Advocate General for submission to the convening authority for clarification.[5]
R.C.M. 1107(g) permits an authority “acting under Article 64, 66, 67, or 69” to instruct a convening authority to withdraw an original action and substitute a corrected action where the original action “is incomplete, ambiguous, or contains clerical error.”
In United States v. Loft, we held that appellate courts could use surrounding documentation to interpret an otherwise unclear convening authority action.[6] In Loft, we determined a convening authority’s intent regarding a bad-conduct discharge by looking outside the four corners of the action’s language.[7] Specifically, we examined the pretrial agreement, the recommendations of the staff judge advocate, and the proposed action to “suspend” the bad-conduct discharge.[8] A thorough examination of this surrounding documentation led us to conclude that the convening authority indeed intended to approve the adjudged bad-conduct discharge.[9]
Turning to the facts now before us, we view the convening authority’s action as ambiguous. The language in paragraph one of the convening authority’s action approving Appellant’s adjudged sentence (“except for that part of the sentence extending to a bad conduct discharge”) suggests that the convening authority intended to disapprove the adjudged bad-conduct discharge.
On the other hand, the surrounding documentation provides ample support for the opposite conclusion: that in fact, the convening authority intended to approve the adjudged bad-conduct discharge. First, the pretrial agreement allowed for the convening authority to approve the bad-conduct discharge. Second, the recommendation of the staff judge advocate presupposes the approval of a bad-conduct discharge, as it expressly recommends that the bad-conduct discharge be approved, but not executed until the completion of appellate review. Third, in requesting clemency, the defense did not request disapproval of the bad-eon-duct discharge—only suspension. Finally, in the paragraph immediately following Appellant’s sentence, the convening authority took action forwarding the record to the Navy-Marine Corps Appellate Review Activity pursuant to Article 66, UCMJ. Such an action is strong evidence that the convening authority intended to approve the bad-conduct discharge.[10]
Based on our review of all the surrounding documentation leading up to the convening authority action, we decline to adopt Appellant’s position that the plain language indicates the convening authority intended to disapprove of the adjudged bad-conduct discharge. However, because the language does express approval of the sentence “except for the bad conduct discharge,” we must also decline to adopt the Government’s position that the surrounding documentation clearly indicates the convening authority intended to approve the adjudged bad-conduct discharge. Here the convening authority’s action regarding Appellant’s sentence was ambiguous.[11]
*27 Finding this deficiency in the convening authority’s action, we answer the specified issue in the affirmative. While the lower court did have jurisdiction to act in this case, we conclude that the lower court erred by not identifying the ambiguity and returning the action to the convening authority.[12]

DECISION

The decision of the United States Navy-Marine Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to the convening authority for clarification in accordance with R.C.M. 1107(g). Thereafter, Article 66, UCMJ, and Article 67, UCMJ, respectively,[13] will apply.[14]

. These offenses are punishable under Articles 107, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 912a, and 934 (2000), respectively.

. United States v. Politte, No. NMCCA 200401261 (N.M.Ct.Crim.App. Oct. 29, 2004)(unpublished).

. Rule for Courts-Martial 1107(g); see, e.g., Manual for Courts-Martial, United States para. 95 (1951 ed.).

. See United States v. Davis, 58 M.J. 100, 102 (C.A.A.F.2003) ("A convening authority is vested with substantial discretion when he or she takes action on the sentence of a court-martial.”).

. 49 M.J. 160, 160 (C.A.A.F.1998) (summary disposition).

. 10 M.J. 266, 268 (C.M.A.1981).

. Id.

. Id. at 267-68.

. Id.

. See Loft, 10 M.J. at 268.

. Convening authorities and staff judge advocates can avoid the ambiguity we have here by exercising care in drafting the convening authority's actions. A potential solution to this problem *27 is to draft actions that do not combine, in one sentence, the three separate concepts of: (1) approval of the sentence, (2) execution of the sentence; and (3) identification of those portions of the sentence that cannot be executed until completion of appellate review. We note that the model "Forms for Action” in Manual for Courts-Martial, United States app. 16 at A16-1-A16-6 (2005 ed.), could be revised so that the model actions use separate sentences for each of the elements listed above, rather than multiple clauses, in order to treat the different elements of a sentence as different actions.

. Article 66(b)(1), UCMJ; Scott, 49 M.J. at 160; R.C.M. 1107(g).

. 10 U.S.C. § 867 (2000).

. Scott, 49 M.J. at 160.