*144 BAKER, Judge
(dissenting):
I agree with the majority’s statement of the law. “[Wjhen the plain language of the convening authority’s action is facially complete and unambiguous, its meaning must be given effect.” In contrast, in United States v. Politte, 63 M.J. 24, 26 (C.A.A.F.2006), this Court looked to the surrounding documentation in concluding that an otherwise clear action was ambiguous. Here, the Court sets the law straight. However, unlike the situation in Politte, I believe that the convening authority’s action in this case is, in fact, ambiguous. The court-martial order here states: “that part of the sentence extending to confinement in excess of 3 years and 3 months is disapproved. The remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed.”
Thus, the action’s first sentence disapproves part of the adjudged sentence. In the next sentence, the convening authority appears to approve the remainder of the sentence “with the exception of the Dishonorable Discharge.” As a result, Appellant’s adjudged dishonorable discharge is not addressed in either sentence and, thus, arguably falls into a limbo between that which the convening authority expressly disapproved and that which he expressly approved. The result is an ambiguous action.
In contrast, in Politte, the convening authority’s action stated: “In the case of Hospital Corpsman Second Class Michael J. Politte ... the sentence is approved except for that part of the sentence extending to a bad-conduct discharge. Prior to taking this action the Convening Authority did consider the results of trial____” Id. at 25.
This language, the majority concluded, “suggests that the convening authority intended to disapprove the adjudged bad conduct discharge.” Id. at 26. The dissent went further and found the language facially clear and unambiguous: “the sentence is approved except for that part extending to a bad conduct discharge.” Id. at 28 (Erdmann, J., dissenting). There was no ambiguity because the convening authority did not otherwise set out in a separate sentence those elements of the sentence that were disapproved. By implication, if the sentence parts were not approved they were disapproved.
For these reasons I view the present case as distinguishable from Politte. Therefore, while I agree with the legal framework presented, I respectfully dissent from the result and would remand for a new convening authority’s action.