UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, SIMS, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 MICHAEL A. GELEN-DESISTO
 United States Army, Appellant

 ARMY 20100643

 Headquarters, United States Army Accessions Command and Fort Knox
 Timothy Grammel, Military Judge
 Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant: Major Laura R. Kessler, JA; Captain A. Jason Nef, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 31 March 2011

 --------------------------------
 SUMMARY DISPOSITON
 --------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of absence without leave, in violation of
Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter
UCMJ]. A panel composed of officer and enlisted members sentenced
appellant to confinement for twelve months, forfeiture of $964.00 per month
for twelve months, and a bad-conduct discharge. The convening authority’s
action reads, in part, “the sentence is approved, except for the part of
the sentence extending to a Bad-Conduct discharge, will be executed.” This
case is before the court for review pursuant to Article 66, UCMJ.

 The Staff Judge Advocate’s Post-Trial Recommendation (SJAR), dated 13
December 2010, states in part, “I recommend you approve the sentence as
adjudged, and, except for the part of a sentence extending to a Bad-Conduct
Discharge, order it executed.” The SJAR’s Addendum, dated 13 January 2011,
however, reads in part, “I adhere to my post-trial recommendation dated 13
December 2010. I recommend that you approve the sentence as adjudged,
except for the part of the sentence extending to a Bad-Conduct discharge,
order is executed.”
 In light of the foregoing, we conclude the convening authority’s
action is ambiguous. The return of this case will permit the convening
authority to clarify his action. See United States v. Politte, 63 M.J. 24,
26 (C.A.A.F. 2006) (citing United States v. Scott, 49 M.J. 160, 160
(C.A.A.F. 1998); Rule for Courts-Martial (R.C.M.) 1107(g).

 CONCLUSION

 The convening authority’s action, dated 13 January 2011, is set aside.
 The record of trial will be returned to the same convening authority for a
new action in accordance with Article 60(c)-(d), UCMJ, and R.C.M. 1107(g).
The record of trial will be returned to this court within thirty (30) days
for such further disposition or review as may be required.

 FOR THE COURT:

 JOANNE P. TETREAULT ELDRIDGE
 Deputy Clerk of Court