# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JAMES R. REMMERS**
**United States Army, Appellant**

ARMY 20120068

Headquarters, Fort Drum
Gregory R. Bockin, Military Judge
Lieutenant Colonel Olga M. Anderson, Acting Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)


For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).


12 March 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, consistent with his pleas, of three specifications of absence without leave, three specifications of wrongful use of marijuana and one specification of wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912 (2006) [hereinafter, UCMJ].  The military judge sentenced appellant to a bad conduct discharge, confinement for eight months, and reduction to the grade of E-1.

In his action, the convening authority stated "only so much of the sentence extending to reduction to Private (E1), confinement for four months, and a bad

conduct discharge, will be executed."[*]  The action failed to explicitly approve or disapprove any part of the findings or sentence.

Rule for Courts-Martial [hereinafter R.C.M.] 1107(d)(1) requires that a convening authority's "approval or disapproval [of the sentence] shall be explicitly stated."  If a convening authority fails to explicitly approve or disapprove any part of the sentence in his or her action, then the action is ambiguous.  *United States v. Fillinger*, 69 M.J. 426 (C.A.A.F. 9 Nov. 2010) (summ. disp.).  R.C.M. 1107(g) provides that the same authority can be instructed to withdraw the original action and substitute a corrected action.  *Id.*  Normally, this court would lack jurisdiction unless a convening authority has approved the findings and sentence.  *See* UCMJ art. 66.  Regarding post-trial matters, however, this court does have the "jurisdiction to refrain from addressing the merits of a case, and instead return the action to the convening authority if further clarification of the meaning of the action is necessary."  *United States v. Politte*, 63 M.J. 24, 25 C.A.A.F. 2006).

In this case, the convening authority's action is ambiguous because he did not approve or disapprove any part of the sentence.  Accordingly, the convening authority's action, dated 29 May 2012, is set aside.  The record of trial is returned to The Judge Advocate General for a new action by the same convening authority in accordance with Article 60(c), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] The convening authority attempted to reduce the sentence in order to comply with the terms of the pretrial agreement.

2