**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Nicholas J. FAIR**
**Fireman (E-3), U.S. Coast Guard**

**CGCMG 0300**
**Docket No. 1390**

**11 May 2015**

General Court-Martial convened by Commander, Thirteenth Coast Guard District. Tried at Seattle, Washington, on 13 September 2013.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Benjamin M. Robinson, USCG |
| Assistant Trial Counsel: | LT Jesse L. Houck, USCG |
| Military Defense Counsel: | LT Sarah R. Dorsett, JAGC, USN |
| Assistant Defense Counsel: | LT James P. Kaiser, USCG |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

**BEFORE**
**McCLELLAND, NORRIS & ALDANA**
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of making a false official statement, in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of indecent conduct in violation of Article 120, UCMJ; two specifications of possessing child pornography, one specification of attempting to receive child pornography, and one specification of violating Oregon Revised Statute § 167.007 by wrongfully agreeing to engage in sexual conduct in return for a fee, all conduct of a nature to bring discredit upon the armed forces in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for forty-eight months, reduction to E-1, and a dishonorable

discharge. In accordance with the pretrial agreement, the Convening Authority approved confinement for eighteen months and reduction to E-1, and mitigated the dishonorable discharge to a bad-conduct discharge.

Before this court, Appellant has assigned the following errors:

I. The Government withdrew charges to avoid an adverse ruling by the Military Judge and improperly referred them to another court-martial.

II. Appellant's pleas to Specifications 1 and 7 of Charge III were improvident because the Military Judge failed to define child pornography, including the age of a "minor."

III. Appellant's plea to the Additional Charge was improvident because it alleged a violation of the incorrect state law.

IV. Appellant's plea to Specification 1 of Charge II, indecent visual recording, was improvident because the subject did not have a reasonable expectation of privacy.

V. The Staff Judge Advocate's Recommendation failed to acknowledge the legal errors raised by the defense and is therefore insufficient under R.C.M. 1106(d)(4).

We perceive ambiguity in the Convening Authority's action, which reads:

Only so much of the sentence as provides for reduction in grade to E-1 and confinement for 18 months is approved and will be executed. The Dishonorable Discharge is mitigated to Bad Conduct Discharge. All other sentence components are disapproved.

We see the first sentence of this action as disapproving the punitive discharge, by omission. However, the next sentence appears to manifest an intention to approve a bad-conduct discharge.

In *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006), the court held that where the language of the convening authority's action suggested that the convening authority intended to disapprove the punitive discharge but surrounding circumstances (terms of the pretrial agreement, staff judge advocate's recommendation, clemency request, and another paragraph in the action) suggested otherwise, the action was ambiguous and the case must be returned to the convening authority for clarification.

Accordingly, we will remand this case for clarification of the action.

## Decision

The action of the Convening Authority is set aside. The record is returned for a new action, which shall make clear the sentence being approved.[1] Prior to the new action, a new Staff Judge Advocate's Recommendation may be prepared if desired. Thereafter, the record shall be returned to this Court for review in accordance with Article 66, UCMJ.



For the Court,

Sarah P. Valdes
Clerk of the Court

---

[1] To ensure clarity, Manual for Courts-Martial, United States (2012 ed.), Appendix 16, should be consulted, with due attention to the explanatory material, e.g. the paragraph before Form 1 that applies to Forms 1-10, and the paragraph before Form 11 that applies to Forms 11-14. If the Manual for Courts-Martial Appendix 16 forms are viewed as confusing, alternative approaches are possible. *See*, for example, *Politte*, 63 M.J.at 26 n. 11.