# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32532

————————————

### UNITED STATES
*Appellee*

**v.**

### Joshua D. STAMPS
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 February 2019

————————————

*Military Judge:* Jennifer J. Raab.

*Adjudged sentence:* Bad-conduct discharge, confinement for 28 days, forfeiture of $800.00 pay per month for six months, and reduction to E-1. Sentence adjudged 8 May 2018 by SpCM convened at Keesler Air Force Base, Mississippi.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

This case was submitted for our review on its merits without assignment of error. During our review we noted that the convening authority's action, dated 3 July 2018, is ambiguous as to the sentence the convening authority approved. Thus, we return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw both the 3 July 2018 action and the 25 June 2018 action and to substitute a corrected action.

## I. BACKGROUND

In accordance with Appellant's pleas pursuant to a pretrial agreement, a special court-martial composed of a military judge found Appellant guilty of one specification of wrongful use of heroin on divers occasions and one specification of wrongful use of hydrocodone in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. On 8 May 2018, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 28 days, forfeiture of $800.00 pay per month for six months, and reduction to the grade of E-1.

Following Appellant's sentencing, Appellant was confined at the Harrison County (Mississippi) Adult Detention Center (HCADC), where he remained until 22 May 2018. On that day—the fourteenth day of Appellant's adjudged sentence to confinement—the convening authority ordered Appellant's release after Appellant filed an Article 138, UCMJ, 10 U.S.C. § 938, complaint about the conditions at the HCADC.[1]

On 1 June 2018, the staff judge advocate (SJA) prepared a recommendation (SJAR) for the convening authority. The SJA advised in the SJAR, and later in the addendum to the SJAR, that the convening authority "commute 14 days of [Appellant's sentence to] confinement to restriction to the limits of Keesler Air Force Base, Mississippi."[2] On 25 June 2018, the convening authority signed an action that stated *inter alia*:

> [O]nly so much of the sentence as provides for reduction to E-1, forfeiture of $800.00 pay per month for six months, confinement for 14 days, restriction to the limits of Keesler Air Force Base for 14 days and a bad conduct discharge, and except for the bad conduct discharge, will be executed. The term of confinement having been served, no place of confinement is designated.

Without explanation in the record of trial and without withdrawing the 25 June 2018 action, the convening authority signed a second action on 3 July 2018 that stated *inter alia*:

> [T]he sentence is approved and except for the bad conduct discharge, will be executed. The portion of the sentence providing

[1] The day before the convening authority ordered Appellant's release, she emailed Appellant's defense counsel, "I support [Appellant's] release from the [HCADC] . . . [and] supervised restriction at Keesler [Air Force Base] for the remainder of the sentence."

[2] The SJA advised the convening authority she did not have the power to disapprove, commute, or suspend the punitive discharge but made no recommendation to approve the bad-conduct discharge. Nonetheless, it is clear that the convening authority intended to approve the discharge.

for confinement for 28 days is changed to 14 days confinement and 14 days restriction to the limits of Keeler [sic] AFB. The remaining approved sentence remains unchanged. The sentence to confinement having already been served, no place of confinement is designated.

In the record, the second action is accompanied by a 3 July 2018 memorandum titled, "Explanation of Sentence Mitigation – *U.S. v. SSgt Joshua D. Stamps*," signed by the SJA, and indorsed by the convening authority. In the memo, the SJA states that the convening authority ordered Appellant's early release because of Appellant's complaint about the conditions of confinement.

## II. DISCUSSION

We note the following errors in the convening authority actions:

● The convening authority signed two documents captioned "Action of the Convening Authority," the first on 25 June 2018 and the second on 3 July 2018. The second action bears no indication that the first action is withdrawn and that the second action is substituted for the first.

● The action dated 25 June 2018 wrongly implies that "restriction to the limits of Keesler Air Force Base for 14 days" was part of the adjudged sentence; it was not. In addition, the action omits the language "is approved."

● The action dated 3 July 2018 seemingly approves the adjudged sentence in its entirety except that, in the second sentence of the action, 14 days of confinement is "changed" to 14 days of restriction to base. There are no words of commutation, and "Keesler" is misspelled.

Article 60, UCMJ, provides, "Action on the sentence of a court-martial shall be taken by the convening authority." Article 60(c)(2)(A), UCMJ, 10 U.S.C. § 860(c)(2)(A). When taking action, the convening authority "may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part," subject to exceptions not relevant to Appellant's case. Article 60(c)(2)(B), UCMJ. Rule for Courts-Martial (R.C.M.) 1107(d)(1)(D) addresses when the convening authority provides a written explanation for disapproving, commuting, or suspending a sentence in whole or in part. The Discussion switches "commute" to "mitigate" and states, "When mitigating confinement . . ., the convening authority should use the equivalencies at R.C.M. 1003(b)(5)–(6), as appropriate." R.C.M. 1003(b)(5) provides, "Restriction [to specified limits] may be adjudged for no more than 2 months for each month of authorized confinement and in no case for more than 2 months."

"Because of the importance of the convening authority's action in the court-martial process," the United States Court of Appeals for the Armed Forces requires "a clear and unambiguous convening authority action." *United States v. Politte,* 63 M.J. 24, 26 (C.A.A.F. 2006) (footnote omitted). We may "return an action to the convening authority if further clarification of the meaning of the action is necessary." *Id.* at 25 (footnote omitted). We may also instruct a convening authority to withdraw an incomplete, ambiguous, or erroneous action and substitute a corrected action. R.C.M. 1107(g); *see also* R.C.M. 1107(f)(2).

We find that both actions in Appellant's case are ambiguous, particularly as to whether the convening authority intended to approve the sentence but commute 14 days of confinement to 14 days of restriction to base. We may use surrounding documentation to interpret an otherwise unclear action. *See Politte*, 63 M.J. at 26 (citing *United States v. Loft*, 10 M.J. 266 (C.M.A. 1981)). We can discern from the SJAR and the combined language of the two actions that the convening authority intended to commute only so much of the sentence as provides for 28 days of confinement to 14 days of confinement and 14 days of restriction to the limits of Keesler Air Force Base, Mississippi, and then to approve the sentence as commuted to confinement for 14 days, restriction to the limits of Keesler Air Force Base, Mississippi, for 14 days, a bad-conduct discharge, forfeiture of $800.00 pay per month for 6 months, and reduction to the grade of E-1. Accordingly, we return the case to the convening authority to resolve the ambiguity and correct the action.

### III. CONCLUSION

The record of trial is returned to The Judge Advocate General for remand to the convening authority to withdraw both actions, substitute a corrected action, provide a written explanation of the reasons for such action if necessary,[3] and issue a corrected court-martial order. Thereafter, the record of trial will be

---

[3]   If the convening authority . . . acts to disapprove, commute, or suspend, in whole or in part, the sentence of the court-martial for an offense (other than a qualifying offense), the convening authority . . . shall provide at that same time, a written explanation of the reasons for such action. The written explanation shall be made a part of the record of the trial and action thereon.

Article 60(c)(2)(C), UCMJ, 10 U.S.C. § 860(c)(2)(C); *see also* R.C.M. 1107(d)(1)(D).

returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court