# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Mario A. ANGEL
### Yeoman Third Class (E-4), U.S. Coast Guard

### CGCMG 0373
### Docket No. 1467

### 13 December 2019

General court-martial tried on 16 October 2018.

| | |
|---|---|
| Military Judge: | CDR Paul R. Casey, USCG |
| Appellate Defense Counsel: | LCDR Salomee G. Briggs, USCG |
| Appellate Government Counsel: | LCDR Stephen Miros, USCG |

## BEFORE
## McCLELLAND, BRUBAKER & MOORADIAN
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of sexual assault of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ) and one specification of wrongful possession of child pornography in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for five years, reduction to E-1, and a dishonorable discharge. The Convening Authority approved the sentence, but suspended confinement in excess of fifty months in accordance with the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We see an ambiguity in the suspension language of the Convening Authority's Action, particularly as it diverges from the language of the pretrial agreement. We also see a separate problem in the military judge's discussion of the pretrial agreement's suspension terms.

When part of a sentence to confinement is suspended, the suspended portion is not served unless and until it is determined that the accused has violated the conditions of the suspension, such as committing misconduct, during a probationary period. Rule for Courts-Martial (R.C.M.) 1108(a), Manual for Courts-Martial, United States (2016 ed.). The probationary period is to be specified in the convening authority's action. R.C.M. 1108(d). The expiration of the probationary period must be clear; *see* R.C.M. 1108(e).

The pretrial agreement in this case provides that all confinement in excess of fifty months "will be suspended for the period of confinement adjudged plus 12 months thereafter, at which time, unless sooner vacated, the suspended portion will be remitted without further action." The military judge read this, and stated, "I've adjudged 5 years, so anything over the 50 months will now be suspended for an additional 10 months plus 12 months, which is 22 months thereafter. . . . So, the period of suspension is for 22 months after his release from confinement, correct?" (R. at 122.) It appears that the military judge interpreted the term "period of confinement adjudged" to be the actual dates during which the accused would ostensibly be confined (before considerations of suspension or other actions), and that those dates defined the starting point of the probationary period, which was not otherwise set forth in the pretrial agreement. Thus the probationary period would begin on the date confinement was to begin, which would be the date of the sentence in the absence of specific action otherwise, R.C.M. 1113(e)(2)(A), and would end seventy-two months later.

The Convening Authority's Action in this case suspends confinement in excess of fifty months "for the period of confinement adjudged plus twelve (12) months from the date of this action." This language is different from that of the pretrial agreement. This language can be read with a comma added: "for the period of confinement adjudged plus twelve (12) months, from the date of this action." This would mean that the probationary period begins on the date of the Convening Authority's Action and lasts for the duration of confinement adjudged (sixty

months) plus twelve months, or a total of seventy-two months.  In this interpretation, the term "period of confinement adjudged" simply means the duration of the adjudged confinement, in contrast to the military judge's interpretation.  Since the sentence was adjudged on 16 October 2018 and the Convening Authority's Action is dated 10 January 2019, the probationary period would end almost seventy-five months after the date confinement began.[1]

The different language of the Convening Authority's Action compared to the pretrial agreement, apparently resulting in terms less favorable to the accused than discussed by the military judge, at best suggests that the Convening Authority's Action is ambiguous.  Accordingly, we will remand the case so that the Convening Authority can withdraw the original action and substitute a corrected action.  R.C.M. 1107(g); *see United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) ("Because of the importance of the convening authority's action in the court-martial process, we have required a clear and unambiguous convening authority action.")

In light of the circumstances of this case, we suggest more explicit language in pretrial agreements that include a suspension term, concerning the starting point of the probationary period.  We also suggest that convening authorities, rather than simply repeating the words of the pretrial agreement in the action, use more specific language based on the actual sentence.  For example, in this case, instead of parroting the language of the pretrial agreement, the Convening Authority's Action could have indicated that "confinement in excess of fifty months is suspended for seventy-two months from the date of this action [the starting point of the probationary period]."  Other formulations are possible.[2]

The military judge's discussion of the pretrial agreement's suspension term deserves further attention.  As already noted, the pretrial agreement provides that all confinement in excess of fifty months "will be suspended for the period of confinement adjudged plus 12 months thereafter, at which time, unless sooner vacated, the suspended portion will be remitted

---

[1] The pretrial agreement also contains a standard term providing for setting aside the sentencing provisions of the agreement in the event of misconduct by the accused after acceptance of pleas and before Convening Authority's Action.

[2] Notwithstanding the examples in Appendix 16, Manual for Courts-Martial, United States (2016 ed. and earlier editions), there is no requirement to pack as much information as possible into a single sentence.

3

without further action." The military judge read this, and stated, "I've adjudged 5 years, so anything over the 50 months will now be suspended for an additional 10 months plus 12 months, which is 22 months thereafter." (R. at 122.) He then stated, "So, the period of suspension is for 22 months after his release from confinement, correct?" to which Trial Counsel assented. (*Id.*) Speaking directly to Appellant, he reiterated that confinement beyond fifty months "will be suspended for a period of 22 months thereafter. . . . So, after you are released from confinement, there will be a 22-month or so period, that is -- you have a suspended sentence." (R. at 123.) Both Trial Counsel and Defense Counsel assented. (*Id.*)

The military judge's calculation conflated confinement that is *adjudged* with that which is *served*. These can differ significantly. In particular, time served will almost certainly be reduced by good conduct time and other deductions in accordance with chapter 9 of the Department of the Navy Corrections Manual, SECNAV M-1640.1.[3] Because these deductions depend on a prisoner's actions while confined, the period of suspension following release from confinement cannot be stated in advance. Hence the military judge's explanation was mistaken.

It is not apparent that Appellant was prejudiced by the military judge's mistaken explanation. If Appellant acted in reliance on the military judge's interpretation, there may have been prejudice. The Convening Authority should, in the corrected action, consider whether to adopt and give effect to the interpretation of the military judge and both parties. Upon remand, Appellant will have the opportunity to submit relevant information if desired.

---

[3] Good conduct time is a deduction from a prisoner's sentence to confinement for faithful observance of confinement facility rules and regulations—five days per month of confinement. Because Appellant is confined in a Naval facility, Department of the Navy policies and practices govern his confinement.

## Decision

The Convening Authority's action is set aside. The record of trial is returned to the Judge Advocate General for remand to the Convening Authority, who shall withdraw the original action and substitute a corrected action. The record shall then be returned to this court for review under Article 66(c), UCMJ.



For the Court,


Sarah P. Valdes
Clerk of the Court