# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA No. 201800251 |
| Appellee | |
| | **Special Panel 3** |
| v. | |
| | **ORDER** |
| **Trenton J. Allison** | |
| Corporal (E-4) | *Remanding Case for* |
| U. S. Marine Corps | *New Post-Trial Processing* |
| Appellant | |

A special court-martial consisting of a military judge sitting alone sentenced Appellant to a reprimand, reduction to E-1, confinement for 8 months, forfeiture of $1,092 pay per month for 8 months, and a bad-conduct discharge.

This case is before us for review a second time. During our initial review of the record, submitted without assignment of error, we specified for briefing an issue related to a possible defect in the letter of reprimand. Upon further consideration of the record and the Government's subsequently filed consent motion to remand for new post-trial processing, we set aside the (original) convening authority's action, and ordered the record returned to the Judge Advocate General for remand to an appropriate convening authority for preparation of a new staff judge advocate's recommendation and new convening authority's action.[1] That having been accomplished, the case has returned to the Court for completion of appellate review.

Appellant submitted his case to the Court, again without specific assignment of error, on 25 November 2019. The Court subsequently ordered the Government to produce certain post-trial documents on 25 February 2020. Appellant later filed a motion for relief from post-trial processing error on 11 March 2020, to which the Government filed its opposition on 23 March 2020. Appellant then submitted a response to the Government's opposition on 1 April 2020.

---

[1] N-M. Ct. Crim. App. Order Remanding Case for New Post-Trial Processing dated 8 February 2019.

After carefully considering the record of trial and the parties' submissions, for reasons unrelated to Appellant's motion, we once again set aside the convening authority's action and remand for new post-trial processing due to a material ambiguity in the convening authority's action.[2]

The convening authority's action states as follows: "In the Special Court-Martial Case of [Appellant], only so much of the sentence is approved as adjudged, the portion of the sentence extending to the punitive letter of reprimand is disapproved."[3] Omitting essential words, this empty language is open to multiple interpretations, leaving us to guess at its operative meaning—only so much of the sentence *as provides for what* is approved? We do not know and will not guess when confronted with such ambiguity. Therefore, we must remand to afford the convening authority another opportunity to take *clear and unambiguous* action. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (stressing requirement for a clear and unambiguous convening authority's action).

While the action as a whole is ambiguous as to what (if any) parts of the sentence the convening authority intended to *approve*, the action's final clause clearly expressed the convening authority's intent to *disapprove* one aspect of the sentence—the letter of reprimand ("the portion of the sentence extending to the punitive letter of reprimand is disapproved"). Therefore, when acting upon remand, the convening authority remains bound by this clear intent and must disapprove the letter of reprimand. The convening authority naturally remains free to take any lawful action regarding the remaining parts of the sentence.

Appellate courts are not in the business of drafting post-trial documents for convening authorities. The convening authority has a staff judge advocate to assist with this essential function. Nevertheless, we invite all convening authorities and the staff judge advocates who advise them to consult the Manual's Forms for Action. *See* Appendix 16, Manual for Courts-Martial, United States (2016 edition).

---

[2] Appellant's motion complains of multiple post trial processing errors—unrelated to the ambiguity in the action for which we order remand—and seeks remedy via sentencing relief or, in the alternative, new post-trial processing. The Government counters that Appellant's motion fails as both a matter of form and substance. We deny Appellant's motion without prejudice to raise any and all issues contained therein when this case returns to the Court for completion for appellate review. (Our decision here of course moots Appellant's alternate request for relief as we order new post-trial processing, albeit on unrelated grounds.)

[3] The staff judge advocate's recommendation uses similarly ambiguous language: ". . . I recommend only so much of the sentence is approved as adjudged, the portion of the sentence extending to a punitive letter of reprimand be disapproved."

We have written often to urge convening authorities and their staff judge advocates to pay scrupulous attention to detail throughout the post-trial process. This case compels us to reiterate that urging yet again.

Accordingly, it is, by the Court, this 8th day of April 2020,

**ORDERED:**

1. That the convening authority's action dated 6 June 2019 is hereby **SET ASIDE**.

2. That the record of trial is returned to the Judge Advocate General for submission to an appropriate convening authority for preparation of a new Staff Judge Advocate's Recommendation and new Convening Authority's Action in compliance with Rule for Courts-Martial 1106-1107.

3. That thereafter the record will be returned to this Court for completion of appellate review.

4. That Appellant's Motion For Relief From Post-Trial Processing Error, dated 11 March 2020, is denied without prejudice to raise any and all issues contained therein when this case returns to the Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA (51.3)
45
46
02

3