# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

## No. ACM 39806

―――――――――――――

## UNITED STATES
*Appellee*

**v.**

## James W. GREER, Jr.
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 26 March 2021

―――――――――――――

*Military Judge:* Bradley A. Morris.

*Sentence:* Sentence adjudged on 30 July 2019 by GCM convened at Offutt Air Force Base, Nebraska. Sentence entered by military judge on 22 August 2019: Bad-conduct discharge, confinement for 60 days, reduction to E-1, and a reprimand.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Peter F. Kellett, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges.*

Senior Judge LEWIS delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge CADOTTE joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

LEWIS, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one charge and specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 60 days, reduction to the grade of E-1, and a reprimand. During post-trial processing, on 21 August 2019, the convening authority deferred Appellant's reduction to the grade of E-1 from 14 days after announcement of sentence until the entry of judgment (EoJ) and waived the mandatory forfeitures of pay and allowances for six months or Appellant's release from confinement, whichever was sooner, for the benefit of Appellant's wife, CG, and dependent children. On 22 August 2019, the military judge signed the EoJ.[3]

Appellant raises two assignments of error: (1) whether the convening authority's failure to dismiss with prejudice Specification 2 of the Charge and the excepted words of Specification 1 of the Charge constituted noncompliance with a material PTA term; and (2) whether Appellant is entitled to sentence relief as his case was not docketed with our court within 30 days of action by the convening authority. Additionally, we consider two issues: (3) whether the

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). Unless otherwise specified, all other references to the UCMJ and all references to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial*, *United States* (2019 ed.) (2019 *MCM*).

[2] Appellant pleaded not guilty to two specifications of aggravated assault, but guilty only to the lesser-included offense of assault consummated by a battery in Specification 1 of the Charge, except the words "with a force likely to produce death or grievous bodily harm." The PTA required the convening authority to withdraw and dismiss the excepted words in Specification 1 of the Charge and to withdraw and dismiss the second aggravated assault alleged in Specification 2 of the Charge. We address the provisions of the PTA in greater detail below when we analyze Appellant's first assignment of error.

[3] The EoJ does not specify the entirety of Appellant's plea to Specification 1 of the Charge. Notably, Appellant pleaded not guilty to the greater charged offense of "assault by grievous bodily harm" but guilty to the lesser-included offense of assault consummated by a battery. This portion of Appellant's plea was also not listed in the Statement of Trial Results (STR). R.C.M. 1101(a)(1)(B) and R.C.M. 1111(b)(1)(B) require the plea to be listed in the STR and EoJ and do not authorize a summary as a substitute. Appellant has not claimed prejudice from these errors and we do not decide the issue of prejudice at this time. On remand, we authorize the military judge to modify or correct the STR and EoJ to show the plea entered to Specification 1 of the Charge.

convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial*, *United States* (2016 ed.) (2016 *MCM*)); and (4) whether there is a substantial basis in law or fact to question Appellant's plea of guilty to striking CG with his "hands."[4]

We determine that remand to the Chief Trial Judge, Air Force Trial Judiciary is warranted for issues (1) and (3),[5] which we address together. Therefore, we defer further consideration of issues (2) and (4).

## I. BACKGROUND

Appellant met his wife, CG, when they were in high school, and they married shortly after graduation in 2011. By this time, Appellant was already in the Air Force's delayed enlistment program, and he started active duty on 4 October 2011. At the time of the incident, 4 August 2018, Appellant was stationed at Offutt Air Force Base, Nebraska, which was his third permanent duty assignment. He lived off-base with CG and their four children in nearby Bellevue, Nebraska.

Appellant pleaded guilty to assault consummated by a battery by striking CG on the head and torso more than once with his hands. During the providence inquiry, Appellant told the military judge that he had only a partial memory of what happened. Appellant remembered drinking "mostly beer" but not how much he drank. Appellant denied any recollection of assaulting CG. Appellant remembered the police arriving at his house, and that he went outside to meet one officer but recalled none of their conversation. Appellant did not recall being arrested or transported to jail.

---

[4] The providence inquiry and stipulation of fact reference Appellant striking CG with a singular "hand." This apparent conflict with the charged specification was discussed on the record but its resolution was unclear. On 2 March 2021, we issued a show-cause order to the Government to brief issue (4). The Government submitted a timely response on 12 March 2021 and argues there is no substantial conflict with the plea and the evidence in the record, and that we should affirm. However, if we find the plea of guilty improvident, the Government requests we modify Specification 1 of the Charge to read "hand" instead of "hands." Appellant was not required to respond to our show-cause order and did not file a motion for leave to file a response.

[5] In our show-cause order we noted issue (3) but did not require a brief from the Government as we were familiar with responses filed on that issue in pending and prior cases.

Appellant told the military judge that he believed he was guilty after reviewing the evidence against him which included (1) a 45-minute video recording from a Bellevue police cruiser which captured incriminating statements that Appellant made about striking CG; (2) photographs taken of injuries to CG's eye, lips, neck, and torso; and (3) records of CG's medical treatment from later in the morning of 4 August 2018. Appellant stipulated to the admission of each of these three items and that they were "accurate."

## II. DISCUSSION

### A. PTA and Convening Authority Action

For the events on 4 August 2018, the convening authority referred one charge and two specifications of aggravated assault to a general court-martial.[6] Specification 1 alleged that Appellant struck CG more than once in the head and torso with his hands with a force likely to produce death or grievous bodily harm. Per the PTA, Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery, except for the words which alleged the aggravated assault element "with a force likely to produce death or grievous bodily harm." To the excepted words, Appellant offered to plead not guilty. The PTA required the convening authority to (1) direct the trial counsel to withdraw and dismiss without prejudice the excepted words; and (2) agree that dismissal of the excepted words "will ripen into dismissal with prejudice upon action by the convening authority."

The PTA used a similar approach with Specification 2 which alleged that Appellant strangled CG's neck with his hands with a force likely to produce death or grievous bodily harm. The PTA required the convening authority to (1) direct the trial counsel to withdraw and dismiss without prejudice Specification 2; and (2) agree that dismissal would ripen into dismissal with prejudice upon action by the convening authority.

The charge sheet in the original record of trial shows the excepted language of Specification 1 and all of Specification 2 were "withdrawn and dismissed" on 29 July 2019. The convening authority's "Decision on Action" memorandum, signed on 21 August 2019, does not mention the dismissal with prejudice for either the excepted words of Specification 1 or the entirety of Specification 2. The EoJ, signed the next day, does not mention that the excepted words of Specification 1 were dismissed with or without prejudice. The EoJ shows that Specification 2 was "[w]ithdrawn without prejudice."

Additionally, the convening authority's "Decision on Action" memorandum states that the following actions were taken on the sentence: (1) deferment of

---

[6] Referral of the charge and specifications occurred on 15 April 2019.

the adjudged reduction in grade to E-1; (2) waiver of the mandatory forfeitures for the benefit of CG and their dependent children; and (3) the language of the reprimand that "shall be inserted" into the EoJ. The "Decision on Action" memorandum does not approve, disapprove, commute, or suspend the bad-conduct discharge, 60 days of confinement, or reduction to the grade of E-1.

**B. Law**

"A pretrial agreement in the military justice system establishes a constitutional contract with the accused and the convening authority." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)). "In a criminal context, the government is bound to keep its constitutional promises." *Id.* (quoting *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999)). "When an appellant contends that the government has not complied with a term of the [PTA], the issue of noncompliance is a mixed question of fact and law." *Id.* (citing *Lundy*, 63 M.J. at 301). Appellant has the burden to establish both materiality and non-compliance. *Lundy*, 63 M.J. at 302. "In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Smead*, 68 M.J. at 59 (citation omitted).

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial provision are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, "in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence." *See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018). The version of Article 60, UCMJ, in effect on the date of the earliest charged offense in this case, 4 August 2018, stated "[a]ction on the sentence of a court-martial shall be taken by the convening authority." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*).

The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

**C. Analysis**

Appellant argues the dismissal with prejudice provision of the PTA was material to his plea of guilty because it provided him the necessary assurance that he would not later face prosecution for the charged aggravated assaults. We agree.

Appellant requests specific performance as an appropriate remedy to cure this material breach of the PTA. However, his brief also requests that we "dismiss with prejudice Specification 2 and the excepted language of Specification 1 of the Charge." The Government notes that Appellant's latter request is for alternative relief to specific performance that is acceptable to Appellant. We agree with the Government's characterization of Appellant's latter request. The Government requests we grant the alternative relief and does not object in the interests of judicial economy.

Ordinarily, we would agree with the Government and grant the alternative relief that the parties agree upon. But, granting this alternative relief will do nothing to resolve the convening authority's "Decision on Action" memorandum which fails to explicitly approve each component of the sentence contained in the EoJ. *See e.g., United States v. Way*, No. ACM 39723, 2020 CCA LEXIS 473 (A.F. Ct. Crim. App. 23 Dec. 2020) (unpub. op.); *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Therefore, we find the Government's judicial economy argument unpersuasive and conclude the better approach is a remand for specific performance of the material PTA terms on dismissal with prejudice. On remand, a detailed military judge can ensure the convening authority complies with the material terms of the PTA and takes clear and unambiguous action on the entire sentence. A detailed military judge can then modify or correct the EoJ to show all post-trial actions taken by the convening authority during the remand.

## III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's compliance with material PTA terms regarding dismissal with prejudice as outlined above and to address the convening authority's decision memorandum which failed to explicitly take action on each element of the sentence listed in the EoJ.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[7]

(2) Return the record of trial to the convening authority or her successor to comply with the material PTA terms regarding dismissal with prejudice and to take clear and unambiguous action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[7] In addition to the error in the plea entered described above, the STR failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice, and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).