*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, STEWART, and ATTANASIO
Appellate Military Judges

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Jorge A. GRADIZ, Jr.**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202000183**

Decided: 7 April 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Jeffrey V. Munoz

Sentence adjudged 29 May 2020 by a general court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 18 months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander Shawn K. Collins, JAGC, USN*

―――――――――――――

[1] In taking action on the case, the convening authority purported to "waive" the execution of adjudged and automatic reduction in rank.

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

A general court-martial consisting of a military judge sitting alone convicted Appellant, in accordance with his pleas, of one specification of willfully disobeying a superior commissioned officer and two specifications of assault consummated by a battery upon an intimate partner, in violation of Articles 90 and 128, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 890, 928. The military judge sentenced Appellant to reduction to E-1, confinement for 18 months, and a bad-conduct discharge.

This case was submitted without assignment of error, but after carefully considering the record of trial, we now set aside the Convening Authority Action and remand for new post-trial processing due to a material ambiguity in the Convening Authority Action.

The Convening Authority Action of 29 June 2020 provided, in pertinent part: "[t]he sentence is approved as adjudged except . . . [t]he execution of adjudged and automatic reduction in rank is *waived*." (emphasis added).[2]

We find the convening authority's purported action to "waive" the adjudged reduction in pay grade is an *ultra vires* action with no basis in law.[3]

---

[2] The convening authority also waived automatic forfeitures in favor of Appellant's dependents.

[3] The convening authority's purported waiver of the automatic reduction in grade, irrespective of whether such waiver was authorized, is also a legal nullity, but in no need of correction, as automatic reduction is not authorized for "[a]ny conviction for an offense committed on or after 1 January 2019 and before the President has delegated authority to the Secretary to establish conditions for automatic reductions." Sec'y of the Navy, All Dep't. Admin. Message 072/19, *Interim Change to the Manual of the Judge Advocate General*, para. 1.b. (Nov. 20, 2019) [ALNAV 072/19]; *see also* UCMJ art. 58a; Dep't of the Navy, Judge Advocate General Instr. 5800.7F, *Manual of the Judge Advocate General*, para. 0153.e (Ch. 3, Mar. 30, 2020). Appellant

Pursuant to Rule for Courts-Martial [R.C.M.] 1109(c)(5), the convening authority is authorized to "reduce, commute, or suspend, in whole or in part," an adjudged reduction in pay grade. However, instead of using one of these terms of art to take one of these permissible actions, the Convening Authority Action uses the term, "waiver," which is an authorized means of sentence relief only as it relates to those automatic forfeitures of pay and allowances mandated by Article 58b, Uniform Code of Military Justice [UCMJ].[4] While it seems clear that the convening authority intended to grant some type of clemency regarding the reduction in grade,[5] the action's irregular word choice confounds the convening authority's precise intent (i.e., disapproval, suspension, commutation, etc.).

The related post-trial documents further confuse the convening authority's intent. The Defense's clemency submission made no mention of the adjudged reduction in grade (requesting only waiver of automatic forfeitures).[6] Nevertheless, prior to taking action, the convening authority responded, "[the Defense's clemency] request . . . for waiver of the execution of adjudged and automatic reduction in rank is approved,"[7] thereby purporting to approve a request *the Defense never made.*

Recognizing the error in the Convening Authority Action, the military judge correctly noted in the Entry of Judgment that "neither automatic reduction in rank nor waiver of reduction in rank is authorized." However, for reasons not revealed in the record, the military judge apparently declined to order further proceedings to clarify or correct the Convening Authority Action. *See* R.C.M. 1104 (authorizing the military judge *sua sponte* to direct a post-trial Article 39(a) session to address incompleteness, irregularity, or error in the Convening Authority Action; and empowering the military judge to return the action to the convening authority for correction or, with the parties' agreement, to correct the action in the Entry of Judgment).

---

committed his offenses after 1 January 2019 and, at present, the President has not delegated the aforementioned authority to the Secretary.

[4] *See* UCMJ art. 58b (stating "the convening authority . . . may *waive* any or all of the forfeitures of pay and allowances required by subsection (a) for a period not to exceed six months") (emphasis added).

[5] In taking action on the case, the convening authority explained, "I am taking this action in order to provide for the welfare of [Appellant's dependents]."

[6] Defense Clemency Request of 4 June 2020.

[7] Convening Authority Reply to Defense Clemency Request of 11 June 2020.

We are therefore left with a materially ambiguous Convening Authority Action whose meaning we cannot discern with any degree of confidence. Consequently, we must remand to afford the convening authority another opportunity to take clear and unambiguous action using the terms of art provided in the R.C.M. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (stressing requirement for a clear and unambiguous Convening Authority Action).

We have frequently urged scrupulous attention to detail concerning all aspects of the post-trial process. *See, e.g., United States v. Norris*, No. 201900289, 2020 CCA LEXIS 139 (N-M. Ct. Crim. App. Apr. 30, 2020) (unpublished order); *United States v. Allison*, No. 201800251, 2020 CCA Lexis 111 (N-M. Ct. Crim. App. Apr. 8. 2020) (unpublished order); *United States v. Stromer*, No. 201800320, 2019 CCA LEXIS 134 (N-M. Ct. Crim. App. Mar. 26, 2019) (unpublished). We must reiterate that urging.

Accordingly, the Convening Authority Action and Entry of Judgment are **SET ASIDE**. The record of trial is returned to the Judge Advocate General for remand to an appropriate convening authority to re-accomplish the Convening Authority Action in compliance with R.C.M. 1109. Thereafter, the record will be forwarded to the Navy-Marine Corps Chief Trial Judge to detail a military judge to re-accomplish the Entry of Judgment in accordance with R.C.M. 1111. Finally, the record will be returned to this Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court