*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
GASTON, BAKER, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Victor MONTEALEGRECHARRO**
Aviation Boatswain's Mate Aircraft Handler Airman (E-3)
U.S. Navy
*Appellant*

**No. 201900303**

Decided: 20 August 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Ann K. Minami (arraignment)
Kimberly J. Kelly (trial)

Sentence adjudged 8 August 2019 by a special court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1 and confinement for 10 months.[1]

For Appellant:
*Major Mary Claire Finnen, USMC*

_____

[1] The convening authority suspended confinement in excess of 8 months pursuant to a pretrial agreement.

For Appellee:
*Lieutenant Catherine M. Crochetiere, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of wrongful use and distribution of lysergic acid diethylamide in violation of Article 112a, Uniform Code of Military Justice.[2]

In his sole assignment of error, Appellant requests this Court to correct the Entry of Judgment to reflect that the approved sentence did not include the adjudged reduction to E-1. After careful consideration of the record of trial and the pleadings of the parties, we find the convening authority's action on the sentence requires clarification with respect to the adjudged reduction to E-1, and we remand the record of trial for additional post-trial action in this regard.

## I. BACKGROUND

The offenses of which Appellant was convicted occurred in 2018 and were referred to special court-martial in 2019. At trial, the military judge sentenced Appellant to ten months' confinement and reduction to E-1. The Defense submitted clemency requests asking that the convening authority disapprove the adjudged reduction to E-1 and that Appellant not be reduced below the paygrade of E-2, which the staff judge advocate correctly summarized in his post-trial review. In taking action on the case, the convening authority stated that he approved the adjudged confinement, suspended confinement in excess of eight months in accordance with the pretrial agreement, and waived automatic forfeitures for six months; however, his action was silent as to the adjudged reduction in rank. In the Entry of Judgment,

_____

[2] 10 U.S.C. § 912a.

the military judge stated the convening authority had "approved the sentence adjudged."

## II. DISCUSSION

Pursuant to Rule for Courts-Martial [R.C.M.] 1109(g), "[i]f the convening authority decides to act on the sentence under this rule, such action shall be in writing and shall include a written statement explaining the action. If any part of the sentence is disapproved, the action shall clearly state which part or parts are disapproved."[3]

Here, the convening authority took action on the sentence in writing, but that writing does not address the adjudged reduction in rank. This silence leaves us with a materially ambiguous convening authority action whose meaning we cannot discern with any confidence. When the Court "address[es] situations that present an ambiguity . . . the proper course of action is to remand for corrective action . . . ."[4]

## III. CONCLUSION

Accordingly, the Convening Authority Action and Entry of Judgment are **SET ASIDE**. The record of trial is returned to the Judge Advocate General for remand to an appropriate convening authority to complete post-trial processing in compliance with R.C.M. 1109. Thereafter, the record will be forwarded to the Navy-Marine Corps Chief Trial Judge to detail a military judge to re-accomplish the Entry of Judgment in accordance with R.C.M. 1111. The record will then be returned to this Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[3] R.C.M. 1109(g)(2).

[4] *United States v. Gosser,* 64 M.J. 93, 96 (C.A.A.F. 2006) (citing *United States v. Politte,* 63 M.J. 24, 27 (C.A.A.F. 2006)).