# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32632**

———————————

**UNITED STATES**
*Appellee*

v.

**Kevin LI**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 April 2021

———————————

*Military Judge:* Matthew D. Talcott.

*Sentence:* Sentence adjudged on 3 October 2019 by SpCM convened at Dyess Air Force Base, Texas. Sentence entered by military judge on 18 October 2019: Bad-conduct discharge, confinement for 45 days, and reduction to E-1.

*For Appellant:* Major Benjamin H. DeYoung, USAF; Major David A. Schiavone, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Captain Alex B. Coberly, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Chief Judge J. JOHNSON joined. Senior Judge LEWIS filed a separate dissenting opinion.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

CADOTTE, Judge:

Contrary to Appellant's pleas, a special court-martial composed of officer members found Appellant guilty of one specification of divers wrongful distribution of lysergic acid diethylamide (LSD) and one specification of wrongful introduction of LSD with the intent to distribute it, both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] The findings of guilty all pertained to offenses committed in 2018. Appellant was sentenced to a bad-conduct discharge, confinement for 45 days and reduction to the grade of E-1. On 16 October 2019, the convening authority issued a "Decision on Action" memorandum in which he took "no action on the sentence." On 18 October 2019, the military judge signed the entry of judgment.

Appellant's case was submitted with three assignments of error: (1) that the military judge abused his discretion when he admitted Snapchat pictures of unidentified pills to rehabilitate a witness's credibility; (2) that the military judge abused his discretion when he determined testimony about the impact of Appellant's offenses was relevant in findings; and (3) that the convening authority failed to take action on the sentence for offenses committed prior to 1 January 2019.

We agree with Appellant with respect to his third assignment of error that the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. As a result, we do not reach his first two assignments of error, and we conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. Considering our resolution of Appellant's third assignment of error, we will defer addressing the remainder of his assignments of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

## I. BACKGROUND

The specifications in this case were referred on 16 May 2019. Appellant's court-martial concluded on 3 October 2019. Appellant submitted an undated request for clemency in which he stated, "I humbly request you do not approve the bad conduct discharge in my case. However, if you decide that a [bad-con-

---

[1] Appellant was found not guilty of wrongful use of LSD in violation of Article 112a, UCMJ.

[2] Unless otherwise noted, references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

duct discharge] is appropriate I ask that you approve shorten [sic] my confinement from 45 days to only 30 days." The convening authority signed a "Decision on Action" memorandum, dated 16 October 2019. In the memorandum, the convening authority stated: "I take no action on the findings in this case," "I take no action on the sentence in the case," and "Relief will not be granted in this case." The convening authority also stated, "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ,[ 10 U.S.C. § 876a, (2019 *MCM*)),] to take leave pending completion of appellate review."

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which the earliest of Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority

signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain or obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (finding the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred. This includes the convening authority's failure to take action on the entire sentence, which also fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority did not take action on the entire sentence. The convening authority's "Decision on Action" memorandum explicitly states that "no action" was taken on the sentence. Appellant's adjudged bad-conduct discharge and reduction in grade were not mentioned. Although confinement is referenced by the convening authority in the context of appellate leave, the memorandum does not explicitly approve confinement either. We find the convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United*

*States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at \*11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.). As a result, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[3]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*)), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

LEWIS, Senior Judge (dissenting):

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was ambiguous and deficient given Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.). Accordingly, I dissent.

Appellant's third assignment of error addresses this issue, and he urges our court to follow *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS

---

[3] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3), *Manual for Courts-Martial, United States* (2019 ed.). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at \*2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.), find plain error, and remand. I agree with Appellant and his counsel that the approach in *Finco* is the correct one to use, at least for now.

Appellant correctly identifies that he forfeited the issue. He had an opportunity to address the defect in the convening authority's "Decision on Action" memorandum with a post-trial motion to the military judge under Rule for Courts-Martial 1104(b)(2)(B), and he failed to file one. *See Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). I agree that a plain error analysis, as was done in *Finco*, should result in this situation.

To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g., United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *12–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Here, the convening authority's failure to approve the bad-conduct discharge, 45 days of confinement, and reduction to the grade of E-1 was a plain or obvious error. The convening authority's decision memorandum should have included a few words about approving the sentence in its entirety, and it did not.

Appellant asserts a colorable showing of possible prejudice exists for four reasons: (1) if the convening authority was "properly advised" he may have found "the information" compelling and granted the modest request for clemency; (2) he requested a 15-day reduction in confinement; (3) his choice to not make an unsworn statement, testify, or present a case in his defense meant the clemency request was the first time that Appellant officially provided information in his case; and (4) the sentence remains inchoate because it was not approved.

Beginning with Appellant's first assertion—a lack of proper advice to the convening authority—I find inadequate support in the record to conclude that the convening authority was not "properly advised." The "Decision on Action" memorandum states that the convening authority consulted with the staff judge advocate prior to making a decision in Appellant's case. However, there is no written advice from the staff judge advocate, and the record of trial does not demonstrate that the staff judge advocate gave the convening authority any advice on this matter during their consultation. The defect is in the language of the memorandum as far as I can discern. I decline to speculate what

the staff judge advocate may have advised the convening authority during the consultation without reliable documentation. Also, Appellant does not specify what "information" in the clemency request the convening authority might have found compelling to warrant a sentence reduction and I see none.

Turning to Appellant's second assertion—his request for a confinement reduction—I agree Appellant requested a modest reduction in his confinement term and the convening authority had the power to grant it. But, the "Decision on Action" memorandum stated definitively that (1) the clemency matters submitted were considered; and (2) "Relief will not be granted in this case." The convening authority need not do more to convince me that he denied Appellant's request to reduce his confinement term by 15 days. Additionally, the convening authority had no power to grant Appellant's clemency request to disapprove the bad-conduct discharge. In cases like *Cruspero* and *Finco* a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *15; *Finco*, unpub. op. at *16. Here, the convening authority denied relief in total, but failed to approve the sentence in its entirety. This latter point is an error for certain, but the Government is correct that the words in this "Decision on Action" memorandum are the functional equivalent of an approval of the entire sentence. In my view, an automatic remand under Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*), to resolve a substantial issue is unwarranted in this case under the current state of the law.

I am also not persuaded that Appellant's third assertion—his clemency submission was the first time he officially presented information about his case—matters to whether there is a colorable showing of possible prejudice. His clemency submission, whether containing novel information or not, was considered by the convening authority and relief was denied. The convening authority was not required to review the record of trial and determine what exactly occurred during Appellant's trial. Even if the convening authority was aware of the choices Appellant made during trial regarding testifying, presenting a defense, or making an unsworn statement, I cannot see how they would have resulted in a different decision by the convening authority.

Appellant's fourth and final assertion is that there is a colorable showing of possible prejudice because the failure to approve the sentence means the sentence is inchoate. In Appellant's view, we cannot resolve his assignments of error or perform our statutory duties under Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (2019 *MCM*), without the sentence being approved or disapproved by the convening authority. This argument appears novel to me, at least as Appellant considers the error itself to satisfy a colorable showing of possible prejudice. On the other hand, the argument has a similar bottom line to the majority opinion—remand must occur. I am not persuaded by Appellant's

novel argument as I do not see the same ambiguity about the action the convening authority took even though it is obviously missing the word "approved." I agree with the Government that Appellant cannot show prejudice in this case when the words used by the convening authority are the functional equivalent of "approved." Therefore, I would find no substantial issue that warrants a remand under Article 66(f)(3), UCMJ. I would also decide the assignments of error because the judgment entered into the record includes a bad-conduct discharge which provides us jurisdiction under Article 66(d)(1), UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court