# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32629**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Louis K. MURPHY**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 May 2021

————————————

*Military Judge:* Tobin C. Griffeth.

*Sentence:* Sentence adjudged 3 October 2019 by SpCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 1 November 2019: Bad-conduct discharge, confinement for 3 months, reduction to the grade of E-2, and forfeiture of $1,256.00 of pay per month for three months.

*For Appellant:* Major Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire; Jordan E. Michel (legal intern).[1]

Before LEWIS, RAMÍREZ, and CADOTTE, *Appellate Military Judges.*

Judge RAMÍREZ delivered the opinion of the court, in which Judge CADOTTE joined. Senior Judge LEWIS filed a separate opinion concurring in the result.

————————————

---

[1] Mr. Michel was at all times supervised by an attorney admitted to practice before this court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

RAMÍREZ, Judge:

A military judge found Appellant guilty, consistent with his pleas, of one specification of a one-time wrongful use of a controlled substance (marijuana) and two specifications of wrongful use of a controlled substance (marijuana) on divers occasions in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a;[2] as well as one specification of wrongful possession of a controlled substance (marijuana) also in violation of Article 112a, UCMJ. The dates of the offenses in Appellant's case ranged from 1 December 2017 to 22 August 2019.

A special court-martial composed of a panel of officer members sentenced Appellant to a bad-conduct discharge, confinement for three months, reduction to the grade of E-2, and forfeiture of $1,256.00 pay per month for three months. There was no plea agreement. In the convening authority's Decision on Action memorandum, the convening authority took "no action" on the findings or on the sentence. The military judge entered judgment on 1 November 2019.

Appellant raises five issues on appeal: (1) whether the military judge abused his discretion by instructing the members of the option to sentence Appellant to a fine; (2) whether the military judge abused his discretion by granting the prosecution challenge to First Lieutenant BM during panel selection; (3) whether the sentence was inappropriately severe; (4) whether the convening authority improperly failed to take action in his case; and (5) whether it was plain error for trial counsel to suggest Appellant's military duties were affected by his marijuana use.

We agree with Appellant with respect to his fourth assignment of error that the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)). As a result, we do not reach his other assignments of error, and we conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is required.

_____

[2] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

Considering our resolution of Appellant's fourth assignment of error, we will defer addressing the remainder of his assignments of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

## I. BACKGROUND

An investigation into Appellant's drug use was initiated after he tested positive, pursuant to a random urinalysis, for marijuana. Unfortunately, Appellant's marijuana use continued and he went on to test positive for marijuana nine more times. Appellant was ultimately charged for his drug offenses and pleaded guilty without the benefit of a plea agreement. After being sentenced, on 15 October 2019 Appellant filed a clemency request and requested a suspension of the remaining time in confinement, reduction to Airman (E-2), and adjudged forfeitures.

On 31 October 2019, the convening authority signed his Decision on Action memorandum, in which he wrote, "I take no action on the sentence in this case." The convening authority also stated, "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ,[ 10 U.S.C. § 876a] to take leave pending completion of appellate review."

Appellant requests that we remand the case to the Chief Trial Judge, Air Force Trial Judiciary. The Government concedes plain error, but argues that Appellant is still not entitled to relief absent a showing of material prejudice to a substantial right.

We find the convening authority failed to take action on the entire sentence as he was required to do, and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is necessary.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused
> was found guilty, shall apply to the convening authority . . . to

the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890.

The version of Article 60, UCMJ, in effect on the earliest date of which Appellant was convicted, 1 December 2017, stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . .").[3] Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*).

The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

## B. Analysis

Appellant was convicted of offenses he committed after 24 June 2014, which is the effective date of Article 60, UCMJ, in the 2016 *MCM*.[4] The charges and specifications were referred to trial after 1 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 5, 83 Fed. Reg. at 9890. However, because the earliest date of an offense of which Appellant was convicted is 1 December 2017, in accordance with Executive Order 13,825, § 6, the version of Article 60, UCMJ, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at 9890. Before 1

---

[3] In contrast, Article 60a, UCMJ, 10 U.S.C. § 860a, which went into effect on 1 January 2019, does not require the convening authority to take action on the sentence of every court-martial. *See also* R.C.M. 1109(g) (explaining procedures depending on whether or not the convening authority "decides to act on the sentence" in certain courts-martial); R.C.M. 1110(e) (explaining procedures depending on whether or not the convening authority decides to take action on the findings or sentence in certain courts-martial).

[4] *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113–66, § 1702, 127 Stat. 672, 958 (26 Dec. 2013) (establishing 24 June 2014 as the effective date for Article 60, UCMJ, 10 U.S.C. § 860, as it appears in the 2016 *MCM*).

January 2019, Article 60, UCMJ (2016 *MCM*), required the convening authority to take action on the sentence in every case. The convening authority's Decision on Action memorandum stated that he took "no action on the sentence."

This court addressed a similar issue in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence, where the charges had been referred after 1 January 2019 but the earliest offense was dated before 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two judges determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Nevertheless, we hold the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825, and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

Because the convening authority did not take action on the sentence, we conclude the convening authority failed to satisfy the Article 60, UCMJ, requirement.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (2016 *MCM*) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* We find the convening authority's Decision on Action memorandum was incomplete, ambiguous, and deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of

the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, we must return the case to the convening authority. *Politte*, 63 M.J. at 27 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

### III. CONCLUSION

The record of this case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

    (1) Correct the Statement of Trial Results; [5]

    (2) Return the record of trial to the convening authority or his successor to take action on the sentence;

    (3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

    (4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to this court.

---

[5] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

LEWIS, Senior Judge (concurring in the result):

Regarding the convening authority's "Decision on Action" memorandum, I agree that remand to the Chief Trial Judge, Air Force Trial Judiciary, is necessary. I adhere to the approach I have used in prior cases including *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (Lewis, S.J., concurring in part and in the result) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021), and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Here, the convening authority took "no action on the sentence in this case" at least according to the plain language of the "Decision on Action" memorandum. I agree with the majority that this was error given Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*).

In my view, Appellant forfeited this error as no post-trial motion was filed with the military judge within five days of receipt of the "Decision on Action" memorandum to address whether it was incomplete, irregular, or contained error. *See* R.C.M. 1104(b)(2)(B) *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM)*. To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *14–15 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, I would find that taking no action on the sentence was a plain or obvious error and that a colorable showing of possible prejudice to Appellant is apparent from the record of trial. Appellant submitted a clemency request consisting of a four-page letter from his trial defense counsel and a copy of the defense exhibits admitted at trial. The request is dated 15 October 2019, 12 days after Appellant's sentence was announced. Ordinarily this submission would be untimely as Rule for Courts-Martial 1106 (2019 *MCM)* only permits a ten-day period for clemency submissions and the record does not show that the convening authority or a designee granted an extension of time. However, in this case the convening authority explicitly stated in the "Decision on Action" memorandum that the clemency submission was considered so I conclude that a short extension must have been granted. Appellant requested the convening authority "suspend his remaining time in confinement, reduction to Airman [E-2], and adjudged forfeitures." The

convening authority had the power to grant this request in full. The convening authority did not explicitly or implicitly deny the requests to suspend the reduction in grade or the adjudged forfeitures.

In contrast, there is some evidence of the convening authority's intent to approve the bad-conduct discharge and the confinement for three months as the convening authority directed that Appellant be placed on appellate leave upon completion of the sentence to confinement pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a. (2019 *MCM*). This direction is consistent with the convening authority implicitly approving the bad-conduct discharge and the adjudged confinement. Additionally, given the dates of the charged offenses, the convening authority had no power to disapprove, commute, or suspend the bad-conduct discharge. 10 U.S.C. § 860(c)(4)(A) (2016 *MCM*).

However, for the requests to suspend the forfeitures and the reduction in grade, I am left with the plain language of the "Decision on Action" memorandum, which I find insufficient to show the convening authority denied these portions of Appellant's clemency request. Therefore, I agree with the majority that remand is appropriate before completion of further appellate review.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court