# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39852**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Jacob A. TRUSTY**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 27 July 2021

———————————

*Military Judge:* Rebecca E. Schmidt.

*Sentence:* Sentence adjudged on 4 December 2019 by GCM convened at Francis E. Warren Air Force Base, Wyoming. Sentence entered by military judge on 17 December 2019: Dishonorable discharge, confinement for 36 months, and reduction to E-1.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Chief Judge JOHNSON joined. Senior Judge LEWIS filed a separate dissenting opinion.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

CADOTTE, Judge:

A military judge sitting as a general court-martial, pursuant to a pretrial agreement (PTA), convicted Appellant, consistent with his plea, of one specification of knowing and wrongful possession of child pornography, between 25 October 2018 and 29 November 2018, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for three years and six months, and reduction to the grade of E-1. On 16 December 2019, the convening authority issued a Decision on Action memorandum in which he reduced the confinement term to 36 months pursuant to the PTA. On 17 December 2019, the military judge signed the entry of judgment.

Appellant's case was submitted with two assignments of error: (1) that trial counsel committed prosecutorial misconduct during sentencing argument by improperly arguing uncharged misconduct and unnecessarily displaying contraband to the military judge; and (2) that the convening authority erred by "not taking action on the sentence."

We agree with Appellant with respect to his second assignment of error that the convening authority failed to take action on the entire sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. As a result, we do not reach his first assignment of error, and conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. Considering our resolution of Appellant's second assignment of error, we will defer addressing the other assignment of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

## I. BACKGROUND

The charge and its specification were referred on 18 October 2019. Appellant's court-martial concluded on 4 December 2019. On the same day, Appellant signed a written waiver of his right to submit a request for clemency. Afterwards, the convening authority signed a Decision on Action memorandum dated 16 December 2019. In the memorandum, the convening authority stated, "I take no action on the findings in this case." The convening authority further stated:

I take the following action on the sentence in the case.

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

a. The confinement is reduced from 3 years and 6 months to 36 months.

b. I did not previously grant any deferments of automatic forfeitures.

c. No waiver of forfeitures had been requested or granted.

d. The military judge did not make a suspension recommendation.

The convening authority further documented that Appellant waived his right to submit matters and did not submit matters for consideration. Finally, the convening authority stated, "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ, [10 U.S.C. § 876a] to take leave pending completion of appellate review."

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which the earliest of Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated, "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or

in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain or obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (finding the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred. This includes the convening authority's failure to take action on the entire sentence, which also fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (*Manual for Courts-Martial, United States* (2016 ed.)) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority did not take action on the entire sentence. The convening authority's Decision on

Action memorandum states, "I take the following action on sentence," and reduces the sentence to confinement. The convening authority failed to take action on the entire sentence as the convening authority failed to mention the adjudged dishonorable discharge or the reduction in grade. We find the convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See Lopez*, unpub. op. at \*11. As a result, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[2]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

LEWIS, Senior Judge (dissenting):

---

[2] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at \*2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was ambiguous and incomplete given Executive Order 13,825, § 6, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)). Therefore, I dissent.

Appellant's assignment of error recognizes that the law is "unsettled" in this area and urges our court to find the failure to take action the entire sentence was an error that does not require a prejudice analysis. Accordingly, Appellant does not attempt to show that he was prejudiced when the convening authority did not approve each component of the adjudged sentence.

In evaluating the convening authority's decision memorandum, I adhere to the approach I have used in prior cases including *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021), and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Here, I can discern no colorable showing of possible prejudice to Appellant as he waived his right to submit a clemency request.

From a factual perspective, the convening authority's decision memorandum addresses two components of Appellant's adjudged sentence: the dishonorable discharge and the 36 months of confinement. The convening authority expressly reduced the confinement consistent with the pretrial agreement. Additionally, the convening authority required that Appellant be placed on appellate leave pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)), "upon completion of the sentence to confinement" which demonstrates that the convening authority intended that Appellant receive an unsuspended dishonorable discharge. The only part of the sentence not addressed is the reduction in grade to E-1.

Appellant forfeited, absent plain error, the issue of whether the convening authority's decision memorandum was incomplete, irregular, or contained error when no post-trial motion was filed by trial defense counsel five days after receipt of the decision memorandum. *See* Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) (2019 *MCM*). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g., United States v. Cruspero*, No. ACM

S32595, 2020 CCA LEXIS 427, at *12–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, even if I assume without deciding that there was error when the convening authority did not approve each element of the sentence listed in the entry of judgment (EoJ), and that this error was plain or obvious, I see no colorable showing of possible prejudice to Appellant. In cases like *Cruspero* and *Finco* a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *13; *Finco*, unpub. op. at *16. Here, Appellant signed a written waiver of his right to submit clemency matters shortly after the court-martial adjourned. I find the waiver complies with R.C.M. 1106(e)(3) (2019 *MCM*). Under these circumstances, I am satisfied that the convening authority intended that the entire sentence be approved, and there is no colorable showing of possible prejudice when Appellant waived the right to submit clemency matters. I see no need for a remand because the EoJ requires no correction or modification. Therefore, I would reach the other issue raised by Appellant and complete our review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court